UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOMARIE L. THURMOND,                    Case No. 07-11761

        Plaintiff,                    HONORABLE ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT JUDGE

v.

CITY OF DETROIT, *et al.*,                    VIRGINIA M. MORGAN
                                  MAGISTRATE JUDGE

        Defendants.
_____/

## ORDER DISMISSING CASE;

## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OBJECTION [65] TO THE MAGISTRATE'S ORDER [63];

## VACATING IN PART AND AFFIRMING IN PART THE MAGISTRATE'S ORDER [63];

## DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [44];

## GRANTING TROOPERS BUNK AND CRAWFORD'S MOTION FOR DISMISSAL AND FOR SUMMARY JUDGMENT [74];

## AND

## GRANTING THE WAYNE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [75].

This is one of two cases[1] arising from the same circumstances. Plaintiff complains that in April, 2005, he was falsely arrested and erroneously imprisoned for thirty-five days as the result of a mistaken identification by the arresting officers.

In this action, Plaintiff sets forth common law claims for false arrest/imprisonment and for malicious prosecution, and also alleges constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986. The Second Amended Complaint With Substitution of Unknown Parties [18] names the

_____

[1] The other case is *Thurmond v. Wayne County, et al.*, Civil Case #08-10309 ("*Thurmond '08*").

following defendants: the Wayne County Sheriff's Department; individual Wayne County Sheriff's Deputies Rodgers, Mears, and Jones, and; Michigan State Troopers Bunk and Crawford. Plaintiff seeks compensatory damages exceeding $1,000,000 for each count of the Complaint, punitive damages, attorney's fees, costs and interest.

Before the Court are various filings. As a threshold matter, the Court must consider Plaintiff's Objection [65] to a Magistrate's Order [63], in which the Magistrate granted Defendants' Motion to Extend Dispositive Motion Cutoff Date [45] and denied Plaintiff's Motion for Default Judgment [44]. Also before the Court are Defendant Troopers Bunk and Crawford's Motion for Dismissal and Summary Judgment [74], and the Wayne County Defendants' Motion for Summary Judgment [75].

For the reasons discussed below, and for the reasons stated on the record of the motion hearing held before the Court on December 9, 2008: Plaintiff's Objection [65] to the Magistrate's Order [63] is **GRANTED IN PART AND DENIED IN PART**; the Magistrate's Order is **VACATED** insofar as it denied Plaintiff's Motion for Default Judgment [44]; Plaintiff's Motion for Default Judgment [44] is **DENIED** by this Court; Troopers Bunk and Crawford's Motion for Dismissal and Summary Judgment [74] is **GRANTED**; the Wayne County Defendants' Motion for Summary Judgment [75] is **GRANTED**, and; this action is **DISMISSED** in its entirety.

## I. BACKGROUND

### A. *Factual History*

The events giving rise to this action began on April 15, 2004, when Michigan State Troopers Bunk and Crawford attempted to execute a traffic stop on the Lodge freeway. The driver of the vehicle fled at a high rate of speed, eventually exiting the freeway, stopping the vehicle in a restaurant parking lot, and running down an alley. A third officer, Trooper Seibt, chased the suspect on foot. The suspect attempted to climb a fence topped with open chain link, and was cut when Trooper Seibt pulled him down. A struggle ensued, during which the suspect attempted to take the Officer Seibt's weapon. Trooper Bunk arrived and assisted in subduing the suspect, who was then

taken to the hospital for treatment.

At the time of his arrest, the suspect did not produce a driver's license.  However, he identified himself as Shomarie Thurmond, and provided a street address, date of birth, social security number, and criminal history that matched the information for a Shomarie Thurmond who appeared in the Secretary of State and Law Enforcement Information Network computer systems.  The suspect was therefore identified in the police report as Shomarie Thurmond.  It has since become clear that the arrested suspect was not, in fact, Shomarie Thurmond ("Plaintiff"), but his cousin, LaBaron Thurmond ("LaBaron"), who was attempting to avoid existing warrants issued in his own name.

When LaBaron was released from the hospital on the afternoon of April 16, 2004, he was transported to the Michigan State Police ("MSP") Detroit Post and turned over to Wayne County Deputy Sheriffs, who arrested him, *not* for the fleeing and eluding charges related to the incident of the night before, but on an outstanding warrant issued in the name of Shomarie Thurmond.  The warrant was related to a parole violation, and  LaBaron was released from custody when he paid a $100 fine on Plaintiff's behalf.

On April 26, 2004, Trooper Bunk presented the Wayne County Prosecutor's office with an out-of-custody warrant request, naming Plaintiff as the suspect to be charged with fleeing and eluding, resisting arrest, and other charges related to the traffic stop.  The warrant was issued, and Defendants aver that the prosecutor mailed a copy of the warrant and a notice of the arraignment to Plaintiff's address of record.  The arraignment was scheduled for May 11, 2004, at the Highland Park District Court, but Plaintiff failed to appear, so the district court issued a bench warrant for Plaintiff's arrest.

Almost a year later, on April 7, 2005, Plaintiff was arrested on the outstanding warrant.  The record is somewhat unclear as to the circumstances of the arrest.  Plaintiff believes that he was arrested by a six-member MSP "Fugitive Team," but during discovery, neither the Wayne County Sheriff's Department nor the MSP was able to locate a record of Plaintiff's arrest on the outstanding bench warrant.  Although the warrant was issued from the City of Highland Park, counsel has verified to the Court that neither party has sought arrest records from that city's Police Department.

The MSP's record-keeping appears to begin at the point when whoever arrested Plaintiff delivered him to the MSP Detroit Post. From there, he was transported by Defendant Crawford and another MSP trooper to Henry Ruff, the Wayne County Jail holding facility in Westland. Plaintiff alleges that, at some point during his transport, he stated to one of the troopers that he had been wrongly identified by the bench warrant. When Plaintiff arrived at Henry Ruff, Defendant Deputy Rodgers took his intake information and a fingerprint. In deposition, Plaintiff testified that he had no interaction with either Defendant Deputy Mears or Defendant Deputy Jones.

Wayne County Jail records indicate that, the next morning, an unnamed officer transported Plaintiff to the Wayne County Jail in downtown Detroit, where he was held by court order during the pendency of his case.

Within twenty-four hours of his arrest, Plaintiff was arraigned in the Highland Park District Court, but during that proceeding he made no indication that he had been incorrectly identified.

On April 19, 2005, Plaintiff was taken back to the Highland Park District Court for a preliminary exam. Plaintiff's attorney began the hearing by raising to the court the possibility that his client had been misidentified; counsel later stated that he would "pursue" the identification issue. Trooper Bunk was present at the exam, and was asked whether the individual who had been detained after the 2004 traffic stop was then present in the courtroom. Trooper Bunk answered affirmatively, erroneously identifying Plaintiff. The district court judge made a finding of probable cause that the charged offense had occurred, and also made an explicit finding of "[p]robable cause to believe that [Plaintiff] committed that crime." Plaintiff was bound over for trial.

Plaintiff filed no grievances during the thirty-three days he was held in the Wayne County Jail awaiting trial. He testified, however, that he began planning his civil lawsuit during his period of incarceration. There is some evidence before the Court that Plaintiff developed an intent to maximize his time in jail, in order to increase his potential civil damages.

In July, 2005, the criminal charges were dropped, apparently because Plaintiff ultimately persuaded the Wayne County Assistant Prosecutor that it was LaBaron, not Plaintiff, who had been arrested after the 2004 traffic chase.

*B. Procedural History*

In its first incarnation, this case was filed in the Wayne County Circuit Court against the City of Detroit, several city, county, and state-level law enforcement officers, and various John Doe defendants. Plaintiff then filed a first amended complaint in the circuit court, stating claims for false arrest, malicious prosecution, and violations of 42 U.S.C. § 1983. With the concurrence of all properly served defendants, the Wayne County Defendants removed the action to this Court on April 20, 2007. On October 5, 2007, Plaintiff filed the Second Amended Complaint [18], which dropped several earlier-named defendants.

The Court set discovery deadlines, but several disputes ensued, and motions by both parties were referred to the Magistrate; Plaintiff's objections to the Magistrate's rulings on those issues are now before this Court. Also before the Court are all Defendants' motions for summary judgment.

On December 9, 2008, the Court held a hearing on all outstanding matters.

## II. FILINGS BEFORE THE MAGISTRATE

On April 9, 2008, the Magistrate held a hearing on four motions referred by Order [47] of this Court. At the hearing, the Magistrate: denied Defendant Crawford's Motion for a Protective Order [35]; denied Defendants' Motion for Costs [43]; granted Defendants' Motion to Extend the Dispositive Motion Cutoff Date [45], and; denied Plaintiff's Amended Motion for Default Judgment [46].

As to the latter two rulings, Plaintiff filed an Objection [65], and Defendants filed timely Responses [67] and [68]. Two weeks later, Plaintiff filed a "Memorandum in Support of Objections" [69], and three days later, he filed an "Errata Sheet" [70]. Defendants did not immediately respond to Plaintiff's late filings, so on June 19, 2008, the Court entered an Order Requiring a Response [71]. Defendants filed their Responses [72] and [73]; Plaintiff filed a Reply [76] and then another "Errata Sheet" [77].

Plaintiff concedes that, as to the Magistrate's extension of the dispositive motion cutoff date,

Plaintiff's objection is now moot.  On the record at the motion hearing, Plaintiff agreed to withdraw that objection, leaving for this Court's review only the issue of the Magistrate's denial [63] of Plaintiff's Motion for Default Judgment [44].

In his Memorandum of Law in Support of Objections [69], Plaintiff correctly observes that the Magistrate issued an Order on a dispositive issue, rather than submitting a report with proposed findings of fact.  The Sixth Circuit has clearly held that motions for default judgment and those requesting Rule 37 sanctions are both dispositive.  *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (citing *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999); *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993)).  *Vogel* holds: "[i]f a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion.  Only a district court judge can issue a dispositive order."  *Vogel*, 258 F.3d at 515 (citing 28 U.S.C. § 636(b)(1)(B)).  Accordingly, the portion of the Magistrate's order that denied Plaintiff's request for default judgment is **VACATED**.

  A.  *Plaintiff's Motion for Default Judgment*

On February 29, 2008, Plaintiff filed a Motion for Default Judgment [44], alleging that Defendants had abused the discovery process, deliberately withheld discoverable evidence, and destroyed other evidence.  Some discovery disputes have been resolved since Plaintiff filed this document, but Plaintiff's latest Response [81] provides some focus as to the basis of his ongoing objections.

It is clear that Plaintiff has not received all of the materials he has requested, but although Defendants have produced many of the records pertaining to Plaintiff's arrest and incarceration, Defendants have also maintained throughout this action that some of the requested materials are simply unavailable.  For example, Plaintiff has repeatedly demanded that the MSP Defendants produce records confirming the identities of the officers who arrested Plaintiff on the bench warrant in 2005.  Both named MSP Defendants have testified in deposition that the only existing MSP arrest record is one that relates to the arrest following the 2004 traffic chase.  Counsel for the MSP attests that numerous record searches have been conducted within MSP systems, and that record requests

have been made of the Detroit Police, the Wayne County Sheriff's Department, and the U.S. Marshall Service, all to no avail. Plaintiff accuses Defendants of lying to the Court; Defendants submit that they simply cannot produce records that they do not possess.

The Court entertained oral argument on this and other outstanding discovery disputes at the motion hearing held on December 9, 2008. Being fully advised in the premises, the Court finds that Defendants' conduct during discovery provides an insufficient basis for the entry of a default judgment in Plaintiff's favor. Plaintiff's Motion for Default Judgment [44] is **DENIED**.


### III. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

On July 15, 2008, both the Wayne County Defendants [75] and Defendants Troopers Bunk and Crawford [74] filed Motions for Summary Judgment. Plaintiff did not respond until the Court entered an Order [80], more than three months later, resetting the response deadline. On the deadline, November 10, 2008, Plaintiff filed a globally-styled Response [81], which revisited Plaintiff's objections to the belabored discovery issues discussed above, but which was entirely unresponsive to these Defendants' arguments for summary judgment. The next day, Plaintiff filed another Errata Sheet [82]. Those filings are now before the Court.

A. *Wayne County Defendants' Motion for Summary Judgment*

The Wayne County Defendants begin their Motion for Summary Judgment [75] with a recap of Plaintiff's sworn testimony that he "did not know if he interacted" with Defendants Mears and Jones, and a demonstration that Plaintiff was unable to offer even a general description of either officer at the time of his deposition. Defendants also note that Deputy Rodgers' interaction with Plaintiff was limited to the process of completing Plaintiff's admission paperwork at the Wayne County Jail, where Plaintiff was held pursuant to facially valid judicial orders. The evidence before the Court contains no suggestion that any of these individually-named officers acted to violate Plaintiff's rights, nor any suggestion that the officers were aware of Plaintiff's claims of innocence. The Wayne County Defendants have set forth a series of explanations as to why Plaintiff's claims against them must fail both for lack of proof and as a matter of law; Plaintiff has failed to respond in writing to any of those arguments, and was unprepared to meet them in oral argument.

Therefore, the Wayne County Defendants' Motion for Summary Judgment is **GRANTED.**

B. _MI State Troopers Motions to Dismiss & for Summary Judgment_

The two Michigan State Police Defendants, Trooper Bunk and Trooper Crawford, also move [74] for dismissal of Plaintiff's claims.

Defendant Bunk moves for dismissal under F.R.C.P. Rule 12(b)(6) because Plaintiff's claim against him appears to be based entirely on Bunk's testimony at Plaintiff's preliminary examination, in which Bunk mistakenly identified Plaintiff as the person Bunk had arrested. Bunk argues that, even if it were to be assumed that he intentionally lied to the court, witness immunity provides him with absolute protection against civil liability. _See Briscoe v. LaHue_, 460 U.S. 325 (1983). Plaintiff has offered no response.

Defendant Crawford, the officer who transported Plaintiff from the MSP Post to the Wayne County jail, moves for summary judgment under F.R.C.P. 56. Plaintiff's claim against Crawford is presumably for false arrest, and the Defendant argues that it cannot be sustained when Plaintiff has provided no evidence that Crawford "did anything more than perform a routine, low-level police function with no discretion." Again, Plaintiff has not replied, either in writing or in oral argument.

Plaintiff's has failed to address the arguments of either of the MSP defendants. For that reason, the MSP Defendants' Motion to Dismiss and for Summary Judgment is **GRANTED** as to both Defendant Bunk and Defendant Crawford.


## IV.  CONCLUSION

For the reasons stated above, and for the reasons stated on the record of the motion hearing held before the Court on December 9, 2008:

**IT IS HEREBY ORDERED** that Plaintiff's Objection [65] to the Magistrate's Order [63] is **GRANTED IN PART AND DENIED IN PART**; the Magistrate's Order is **VACATED** insofar as it denied Plaintiff's Motion for Default Judgment [44].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [44] is **DENIED**.

**IT IS FURTHER ORDERED** that Troopers Bunk and Crawford's Motion for Dismissal and Summary Judgment [74] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Wayne County Defendants' Motion for Summary

Judgment [75] is **GRANTED**.

Accordingly, this action is **DISMISSED** in its entirety.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  December 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for THERESA E. TAYLOR
Case Manager