UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S̲H̲O̲M̲A̲R̲I̲E̲ L. T̲H̲U̲R̲M̲O̲N̲D̲,                                    Case No.       07-11761

        Plaintiff,                                    Honorable Arthur J. Tarnow

v.

W̲A̲Y̲N̲E̲ C̲O̲U̲N̲T̲Y̲ S̲H̲E̲R̲I̲F̲F̲ D̲E̲P̲A̲R̲T̲M̲E̲N̲T̲ et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [102]**

      Before the Court is Plaintiff's Motion to Enforce Mandate of [Sixth] Circuit Court of Appeals and the [Law] of the [Case] Established in [*Thurmond I* ] and Strike Wayne County's Motion for Summary Judgment [102]. Wayne County Defendants filed a Response [103]. Defendants Bunk and Crawford also filed a Response [106]. Plaintiff did not file a reply.

      Plaintiff's Motion [102] follows a remand from the Sixth Circuit Court of Appeals. Plaintiff would like the Court to either remand the remaining state law claims to state court or, in the alternative, strike Defendants' Motion for Summary Judgment [107]. Plaintiff also objects to the extension of the dispositive motion cut-off date that allowed Defendant Bunk to file a motion for summary judgment. The Court denies both requests for the reasons stated below.

      Background and Procedural History

      This action was originally filed in the Wayne County Circuit Court. Plaintiff complained of an alleged false arrest and wrongful imprisonment. Plaintiff brought federal and state law claims relating to the same incident. Defendants removed the case to this Court. Dkt. [1]. The case was ultimately dismissed on December 29, 2008. Order [87].

Following the dismissal, Plaintiff filed a Notice of Appeal to the Sixth Circuit on September 25, 2009. Dkt. [92]. On June 10, 2011, the Sixth Circuit issued an opinon affirming this Court's dismissal of Plaintiff's § 1983 action. The Sixth Circuit also reversed and remanded the state law claims in order for the Court to address the merits of the state law claims. The Sixth Circuit reversed "the judgment of th[is] court either to exercise supplemental jurisdiction . . . or to remand [the claims] to the originating state court . . . ." Opinion [104], at 17. Plaintiff did not file a motion to remand prior to his appeal to the Sixth Circuit.

Following the remand, the Court held a status conference with the parties on October 21, 2011. At the status conference, the parties were asked to provide further briefing to address the state law claims that were remanded. The parties did not object and agreed to supplement their filings. Plaintiff did not mention a remand to state court at the conference. On November 23, 2011, Plaintiff filed the present motion that is now before the Court.

Motion to Remand

Plaintiff requests that the state law claims be remanded to state court. P's Mot. [102], at 15-17. The Court declines to do so.

Under 28 U.S.C. § 1367(a) a district court with original jurisdiction also has "supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a) (2006). There is no dispute that the state law claims and federal claims stem from the same case or controversy, deriving from a "common nucleus of operative facts." *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996).

Under § 1367, a district court has broad discretion to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a), (c). When considering whether to exercise supplemental jurisdiction, the district

2

court considers several factors, such as "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Generally, if the plaintiff's federal claims have been dismissed, the state law claims should be dismissed also or remanded to state court if the action was removed. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if the federal claims have been dismissed). There is no categorical rule, however, that a case must be remanded to state court simply because the federal claims were dismissed prior to trial. *Carnegie-Mellon*, 484 U.S. 344; *see also Rosado v. Wyman*, 397 U.S. 397, 405 (1970) ("We are not willing to defeat the commonsense policy of pendent jurisdiction–the conservation of judicial energy and the avoidance of multiplicity of litigation–by a conceptual approach.").

In some cases, the law favors retaining supplemental jurisdiction. *Gamel v. Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Factors that favor retaining jurisdiction include, but are not limited to: how long the case has been on the district court docket, whether discovery has been completed, whether there is a voluminous record at the district court, whether the federal claim was abandoned by the plaintiff, the stage of the litigation, whether the request to remand the case is a form of manipulation by the plaintiff to forum shop, whether a remand would waste judicial resources, and whether a remand would cause additional delay. *See Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004); *see also Gamel*, 625n F.3d at 952.

Plaintiff relies on the *Musson* case to support his request for a remand. *Musson*, 89 F.2d 1244. The Court finds *Musson* to be distinguishable. In that case there were two major factors that are lacking here. First, in *Musson*, a state court action was already pending. *Musson*, 89 F.2d at 1256. The Sixth Circuit found that factor to be "extremely compelling" in its decision to remand.

3

Here, there is no state court action pending. Second, in *Musson*, the state claims were never actually pled in the district court. *Id.* In the present case, the state court claims are properly before this Court. Therefore, Plaintiff's reliance on *Musson* is misplaced and provides no support for the relief he requests.

The present case is one in which the Court should retain jurisdiction, as it is similar to the *Harper* case. In *Harper*, the Sixth Circuit considered a plaintiff's request to remand state law claims after the federal claims were dismissed before trial. *Harper*, 392 F.3d at 209. The Sixth Circuit held that the district court should retain jurisdiction in that case. *Id.* at 210-12. The Court reasoned that since the case had been on the district court's docket for a substantial amount of time, the defendants' dispositive motions were ripe for decision, the district court had made substantive rulings, and the district court had already invested significant time in the legislation, that the continued exercise of supplemental jurisdiction was appropriate. *Id.* at 211. The district court also considered evidence of Harper's attempt to engage in forum manipulation. *Id.* (considering Harper's abandonment of the federal claim only after the district court denied his motion to remand).

Harper is virtually on point here. Plaintiff's case has been with the district court since 2007. The case has an extensive and voluminous record, further complicated by a 2008 companion case that was also pending in this Court. Discovery has been completed and dispositive motions have been decided. The state law claims involve the exact incident and facts that were considered with respect to Plaintiff's § 1983 claim. The Court is familiar with the facts of the case and the procedural posture of the case. All of these factors weigh in favor of retaining jurisdiction.

Plaintiff's failure to request a remand previously and only after the Court has dismissed the related federal claims could indicate an attempt to forum shop, which is discouraged. A remand, therefore, is inappropriate in this case and would lead to unnecessary delay and unfairness. The

4

Court finds no benefit to a remand at this late point in the litigation. The parties deserve a timely resolution of their dispute.

Motion to Strike

On November 28, 2012, the Wayne County Defendants filed a Renewed Motion for Summary Judgment [99]. Plaintiff requests that the Court strike Defendants' Motion due to alleged discovery abuses. Plaintiff provides no legal basis for striking Defendants' Motion in his brief. *See* Pl.'s Mot. [102], at 17-18. Plaintiff states legal conclusions without providing support and cites not one rule or case that would support striking Defendants' Motion. The Court, therefore, denies Plaintiff's request.

Motion to Enforce the Sixth Circuit's Mandate

Plaintiff's motion includes a request to "enforce mandate of the [Sixth Circuit] . . . ." Pl.'s Mot. [102]. Plaintiff would like the Court to preclude Defendant Bunk from raising an affirmative defense of qualified immunity or have the opportunity to file a motion for summary judgment. *See id.*

As Defendant Bunk highlights in Response [106], the Sixth Circuit reversed and remanded the grant of Defendant Bunk's Motion to Dismiss [74]. The Sixth Circuit has not yet ruled on a motion for summary judgment raised by Defendant Bunk. Therefore, Plaintiff's argument that the law of the case precludes the Court from doing so now must be rejected.

It should also be noted that under Federal Rule of Civil Procedure 16(b)(4) a "schedule may be modified . . . for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, the Court requested further briefing on the specific issues that are pending following remand. Plaintiff, at the October 21, 2011 conference, did not object to an extension of the dispositive motion deadline. All parties agreed to submit further briefing. There is simply no basis for Plaintiff's request.

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion [102] is **DENIED**.

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow

Dated: June 5, 2012                       Senior United States District Judge

---

## CERTIFICATE OF SERVICE

      I hereby certify on June 5, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 5, 2012: **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    District Judge Arthur J. Tarnow
                                                    (313) 234-5182