## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHOMARIE L. THURMOND,                           Case No.  07-11761

                    Plaintiff,                  SENIOR UNITED STATES DISTRICT JUDGE
v.                                              ARTHUR J. TARNOW

WAYNE COUNTY SHERIFF DEPARTMENT, ET AL.,

                    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE [125], DENYING PLAINTIFF'S MOTION FOR THE IMPOSITION OF RENEWED SANCTIONS [123], AND AWARDING DEFENDANT WAYNE COUNTY REASONABLE ATTORNEY FEES

### Introduction

Before the Court is Defendants Rogers, Mears, and Jones' Memorandum Re: Award of Attorneys Fees [108] filed on December 20, 2011, Plaintiff's Motion for the Imposition of Renewed Sanctions [123] filed on June 14, 2012, and Plaintiff's Motion to Vacate [125] filed on July 25, 2012.

Plaintiff filed a Response [114] to Defendants' Memorandum Re: Award of Attorneys Fees [108] on February 23, 2012.

Defendants Rogers, Mears, and Jones filed a Response [134] to the Motion for the Imposition of Renewed Sanctions [123] on August 27, 2012. Plaintiff filed a Reply [137] on September 4, 2012.

Defendants Rogers, Mears, and Jones filed a Response [129] to the Motion to Vacate [125] on August 11, 2012. Plaintiff filed a Reply [133] to this Response on August 25, 2012. Defendants Bunk and Crawford filed a Response [130] to the Motion to Vacate [125] on August 13, 2012. Plaintiff filed a Reply [135] to this Response on August 27, 2012.

For the reasons stated below, Plaintiff's Motion to Vacate [125] is DENIED, Plaintiff's Motion for the Imposition of Renewed Sanctions [123] is DENIED, and Defendant Wayne County is awarded reasonable attorneys fees in the amount of $4,080.00.

**Background**

Plaintiff complains that in April, 2005, he was falsely arrested and imprisoned for thirty-five days as the result of a mistaken identification by the arresting officers. In the instant action, Plaintiff sets forth common law claims for false arrest/imprisonment and for malicious prosecution, and also alleges constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986. The Second Amended Complaint With Substitution of Unknown Parties [18] names the following defendants: the Wayne County Sheriff's Department; individual Wayne County Sheriff's Deputies Rodgers, Mears, and Jones, and; Michigan State Troopers Bunk and Crawford. Plaintiff seeks compensatory damages exceeding $1,000,000 for each count of the Complaint, punitive damages, attorney's fees, costs and interest.

On June 10, 2011, the Sixth Circuit Court entered an Opinion [104] affirming this Court's denial of Plaintiff's Motion for Default Judgment [44], allowing Plaintiff to seek lesser appropriate sanctions, affirming this Court's grant of Defendants' motions for summary judgment on Plaintiff's federal claims and remanding for further proceedings on Plaintiff's state law claims, and vacating and remanding this Court's award of attorney fees for Defendant Wayne County in order to permit the Court to explain the legal basis for the award.

Following the Sixth Circuit Court's order, Defendants Rogers, Mears, and Jones' filed its Memorandum Re: Award of Attorneys Fees [108] filed on December 20, 2011. The Memorandum [108] presents the legal basis for this Court's prior award of attorney fees, primarily relying upon 28 U.S.C. § 1927.

Pursuant to the Sixth Circuit's Opinion [104], on November 18, 2011, Defendants Rogers, Mears, and Jones filed a Renewed Motion for Summary Judgment [99] as to Plaintiff's state law claims. In addition, on December 20, 2011, Defendants Bunk and Crawford filed a Motion for Summary Judgment on Remand [107].

On June 15, 2012, this Court held arguments on Defendants Rogers, Mears, and Jones' Renewed Motion for Summary Judgment [99] and Defendants Bunk and Crawford's Motion for Summary Judgment on Remand [107]. Pursuant to this hearing, the Court entered an Order [124] granting both motions for summary judgment.

Plaintiff's Motion to Vacate [125] seeks to vacate this Order [124] under Federal Rules of Civil Procedure Rule 60(b)(3) , citing fraud and misconduct by the opposing parties. Plaintiff alleges a lengthy list of discovery-related misconduct by Defendants' counsel and requests attorney fees under Federal Rules of Civil Procedure Rule 16, Rule 37, Rule 26, as well as 28 U.S.C. § 1927.

On February 29, 2008, Plaintiff filed a Motion for Default Judgment [44] as to Defendants Rogers, Mears, Jones, Bunk, and Crawford. As noted in the title of Plaintiff's Motion for Default Judgment [44],the motion was filed as a "sanction for defendants' deliberate and willful withholding of discoverable evidence, destruction of evidence and intentional abuses of the discovery process." On March 3, 2008, this Court Referred [47] the motion to Magistrate Judge Morgan. Judge Morgan held a hearing on this Motion [44] on April 8, 2008. On April 11, 2008, Judge Morgan issued an Order [63] denying Plaintiff's Motion [44] holding that the Court "finds no grounds for such sanction and denies the same. Defendant has produced relevant documents and seasonably supplemented discovery."

The Sixth Circuit Court's Opinion [124] affirmed this Court's denial of Plaintiff's prior Motion for Default [44]. However, the Sixth Circuit noted that "because the district court did not consider whether lesser sanctions were appropriate nothing in the opinion prevents [Plaintiff] from pursing such sanctions on remand." Plaintiff filed its instant Motion for Renewed Sanctions [123] pursuant to this assertion. It should be noted that Plaintiff's Motion [123] was filed more than a year after the Sixth Circuit opinion was entered and one day before this Court heard argument on Defendants' summary

3

judgment motions. Due to the delayed filing of Plaintiff's Motion [123], it was not heard during hearing held on June 15, 2012. Moreover, during this hearing the Court provided counsel the opportunity to settle the issue of these sanctions as well as the attorney fees that are discussed below. In its Response [127] to this Court's Order to Show Cause [126], Plaintiff made clear that it would pursue the lesser sanctions sought under this Motion [123] rather than settle the matter.

Plaintiff's Motion for Renewed Sanctions [123] includes much the same allegations of misconduct soon after raised in Plaintiff's Motion to Vacate [125]. In fact, much of Plaintiff's briefs are identical.

## Standard of Review

*Federal Rules of Civil Procedure Rule 60(b)(3)*

In relevant part, Rule 60(b)(3) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "fraud [], misrepresentation, or misconduct by an opposing party." "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merch.*, Inc., 538 F.3d 448, 456 (6th Cir. 2008). In order to successfully make a showing of misconduct, Plaintiff must present "clear and convincing evidence of...questionable behavior affecting the fairness of litigation other than statements or the failure to make statements." *Satyam Computer Servs. v. Venture Global Eng'g*, LLC, 323 Fed. Appx. 421, 429-430 (6th Cir. 2009)(internal quotation marks and citations omitted). Moreover, the rule "clearly requires the moving party to show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding." *Info-Hold, Inc.*, 538 F.3d at 455 (internal quotation marks and citations omitted).

4

*Sanctions*

The courts have an inherent authority to impose sanctions where appropriate and justified. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 (6th Cir. 2002). It is within the discretion of the court to impose these sanctions. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Plaintiff broadly argues that sanctions against Defendants are appropriate under Rule 16, Rule 37, Rule 26, as well as 28 U.S.C. § 1927.

Rule 16(f) provides:

> the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P 16(f).

In relevant part, Rule 37(c) states that:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

The text of Rule 26 only provides sanctions for improper certification. However, a violation of Rule 26 may justify sanctions as delineated in Rule 37. *See Roberts*, 325 F.3d at 783-784.

Title 28 U.S.C. § 1927 provides that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

**Analysis**

*Motion for Renewed Sanctions [125] and Motion to Vacate [125]*

1. September 26, 2007 Pretrial Conference and Production of Transcript

Plaintiff first alleges that defense counsel violated Rule 16, which regulates pretrial conferences, by intentionally failing to disclose that a Michigan State Police (MSP) fugitive arrest team arrested plaintiff. Specifically, Plaintiff argues that defense counsel James Surowiec and James Farrell had possession of a transcript, from a hearing concerning Plaintiff's state criminal case, at the time of the parties' September 26, 2007 pretrial conference. Plaintiff assets that the transcript contains information regarding who exactly arrested Plaintiff, but that defense counsel denied having such information during this conference. On September 24, 2007, the discovery deadline was set for December 31, 2007.[1] Plaintiff argues that counsel received this transcript on August 6, 2007, but only presented it to Plaintiff on January 22, 2008.

Defendants' counsel do not contest having possession of the transcript at the time of the September 26, 2007 pretrial conference. However, the transcript does not identify the exact individuals who arrested Plaintiff. The transcript includes a statement by the prosecutor mentioning that a "fugitive team was sent out" and that they arrested Plaintiff. Defendants' motions for summary judgment were granted in part because Plaintiff failed to show how the individual Defendants were involved in or responsible for Plaintiff's arrest and detention. This statement by the prosecutor does

---

[1]On April 11, 2008, this due date was amended by Order [63] of this Court to June 9, 2008.

6

not in and of itself identify the individual officers who arrested Plaintiff. The transcript also identified MSP Trooper Seibt as the officer in charge of Plaintiff's criminal case. The transcript does not identify Trooper Seibt as an arresting officer, only as the officer presenting Plaintiff's record to the state court. Moreover, Trooper Seibt's name was provided in Defendants' witness list in August 2007. Including the trooper's name in the witness list suggests that counsel was not attempting to hide information from Plaintiff.

In addition, the transcript is a public record that would have been available to Plaintiff at any time. Plaintiff places much weight on this Court's comment during a June 2012 hearing stating proof that defense counsel concealed this transcript would "dramatically support" Plaintiff's case. However, Plaintiff fails to note that after realizing the transcript was a publically available document, the Court goes on to reprimand Plaintiff's counsel for not ordering the transcript himself, noting that this was a failure of his due diligence. Moreover, Plaintiff raised much the same allegations regarding defense counsel's knowledge of the identity of the MSP fugitive arrest team in its Motion for Default Judgment [44], which was denied by this Court and affirmed on appeal.

Therefore, Plaintiff's allegations as to the September 2007 pretrial conference and production of the transcript fails to meet the clear and convincing standard under Rule 60(b)(3).

Plaintiff also argues that Defendants' counsel should be sanctioned for falsely denying knowledge of who arrested Plaintiff, again based on counsel's possession of the transcript. Because Plaintiff has not shown that counsel in fact knew who these individuals were, there is no basis for imposing sanctions here.

2. Production of MSP Fugitive Arrest Team Report

Plaintiff's second set of discovery-related allegations consists largely of speculation as to the contents of an alleged MSP fugitive arrest team report. Plaintiff argues that Wayne County

Defendants never produced such a document and that the contents of this document could have been the "smoking gun" to Plaintiff's case. Counsel for Wayne County Defendants admits to listing such a report as a trial exhibit on a January 15, 2008 Rule 26 filing. Defense counsel explains that such a document was included on the exhibit list based on a mistaken assumption that MSP did in fact arrest Plaintiff. Michigan State Defendants assert that they have produced all available documents to all parties. While Wayne County defense counsel did mistakenly include this report in an exhibit list, it cannot produce documents that either do not exist or are not in counsel's possession. Plaintiff also has no basis for its argument as to what this report may contain and how it may have aided Plaintiff's case. Therefore, Plaintiff's arguments as to the failure to produce the MSP Fugitive Arrest Team Report and the imposition of sanctions based on this alleged failure are without merit.

3. Production of Warrant Request Packet

Plaintiff argues that defense counsel failed to produce the Wayne County Prosecutor's "Warrant Request Packet" in violation of Rule 26(a). Plaintiff relies on Defendant Bunk's incident report of Plaintiff's arrest. The incident report states that on June 22, 2004 a "[c]omplaint regenerated warrant packet was prepared," and that on May 17, 2005 "[c]omplaint regenerated this date." Defense counsel notes that it has provided Plaintiff with "1) the investigator's report, (2) incident reports, (3) abandoned vehicle report, and all other supplemental documents that were generated in the investigation of the fleeing and eluding case from 2004." It is unclear what exact records Plaintiff believes to be in the "Warrant Request Packet" that goes beyond these documents already produced. Moreover, Plaintiff's argument has to the materiality of these suspected documents again consists of mere speculation as to what they may or may not include. Therefore, Plaintiff has failed to show with clear and convincing evidence that any misconduct occurred as to the production of this packet. As such, Plaintiff's request for sanctions based on this alleged misconduct are also without merit.

4. Destruction of Prosecutor's File

Here, Plaintiff again rehashes an argument made in its previous Motion for Default Judgment [44], already denied by this Court. Plaintiff argues that Wayne County destroyed Plaintiff's file in violation of its own file retention policy and that this file may have contained relevant information. Plaintiff's Wayne County case was dismissed on July 26, 2005. Plaintiff argues that the policy requires the retention of the file for two years, well after this case was first filed in March 2007. Defense counsel argues that this two-year limit is used for trial files, and not for dismissed cases, which only require a sixty-day retention period. The law librarian in the Wayne County Prosecutor's Office and custodian of archives files has testified that files from dismissed cases are not archived. Notably, Plaintiff's counsel was in contact with Plaintiff in 2005, while Plaintiff was detained and considering filing the instant lawsuit. Therefore, Plaintiff's counsel may have been most able to either obtain this file or request its preservation.

Because Plaintiff's allegations have already been considered and denied by this Court and because Plaintiff has failed to show by clear and convincing evidence that the destruction of this file constitutes misconduct on the part of the Defendants, Plaintiff's claims under Rule 60(b)(3) fail.

Plaintiff also seeks sanctions against Defendants' counsel for destroying the file in bad faith. Plaintiff basis this request in part on the argument that Defendants' counsel should have known of the instant lawsuit at the time Plaintiff's counsel visited Plaintiff while he was detained, and that based on this information should have preserved the record. This argument is without merit and does not establish any intentional conduct by Defendants. As such, Plaintiff's request for sanctions is also denied.

5. Production of Jail Records

Plaintiff alleges that Wayne County's counsel James Suroweic made knowingly false statements asserting that Defendants were untimely in their production of jail records due to a physical move of the county's storage facility. Plaintiff points to a December 2008 hearing held before the Court during which Suroweic stated that there was some delay in production of documents because of the move, which was occurring contemporaneously with discovery in the instant case. Plaintiff asserts that because the requested documents were electronic, and therefore most likely not effected by this move, Suroweic was misleading the Court.

Plaintiff alleges that it received many of these electronic documents prior to the initial discovery due date of December 31, 2007. Plaintiff did file two motions to compel in December 2007. Plaintiff argues that Defendants only produced the last of these electronic files in March 2008, several months after the close of discovery.

Defendants' counsel notes that some of the jail records Plaintiff sought, including fingerprints and photos, were not computerized and therefore did require a physical search of the records contained in the storage facility.

Plaintiff argues that Suroweic's alleged misleading statements imply a finding of fraud and misconduct. However, Plaintiff has failed to show clear and convincing evidence that Defendants' discovery delays were deliberate or without good cause. As such, Plaintiff's claim under Rule 60(b)(3) must fail. Therefore, Plaintiff has also failed to show reason for the imposition of sanctions against Suroweic.

6. Statements by Attorney James Farrell

Plaintiff allegations here mirror those made in regards to the September 2007 pretrial conference and production of the transcript of Plaintiff's state hearing. Plaintiff contends that Farrell

10

made false and misleading statements concerning having information as to who arrested Plaintiff based upon the transcript. Plaintiff specifically argues that Farrell knowingly misinformed the Court when he suggested that the Highland Park Police may have arrested Plaintiff. Plaintiff again argues that possession of the transcript implies that defense counsel Farrell had specific knowledge of who arrested Plaintiff. As discussed above, the transcript provides no such information. Plaintiff's argument rests on the implication that Farrell had more information than he revealed. Such an implication does not meet the clear and convincing standard required under Rule 60(b)(3).

Plaintiff also argues that Farrell should be sanctioned for denying knowledge of who arrested Plaintiff. Again, because Plaintiff has not shown that counsel in fact knew who these individuals were, there is no basis for imposing these sanctions.

*Award of Attorneys Fees*

This Court's order awarding attorneys fees to Wayne County Defendants stems from Plaintiff's January 22, 2008 filing of a second complaint based on the same facts of the instant case. On December 29, 2008, the Court ordered Plaintiff's attorney Rick Martin to pay legal fees to Wayne County related to the unnecessary defense of this second action. On appeal, the Sixth Circuit Court reversed and remanded this order for payment of fees due to this Court's failure to state a legal basis for the award. The Sixth Circuit noted that 28 U.S.C. § 1927 may support the imposition of these sanctions. The statute reads that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As noted in this Court's prior order, Plaintiff counsel's refused to dismiss the unviable and duplicate action, initially failed to respond to Defendants' motion in the instant case, and took part in other contumacious conduct during the litigation of this case. Such conduct falls squarely within the unreasonable and vexatious

11

conduct described by § 1927. *See Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2007) ("an attorney is sanctionable

when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings"). This Court provided Defendants' counsel the opportunity to amend the amount of fees awarded, adding the fees related to the June 15, 2012 hearing. No such amendment was requested. As such, Plaintiff's counsel Rick Martin is ordered to pay to Wayne County the reasonable attorney's fees calculated in the this Court's previous order, equaling the amount of $4080.00.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Vacate [125] is DENIED, Plaintiff's Motion for the Imposition of Renewed Sanctions [123] is DENIED, and Defendant Wayne County is awarded reasonable attorneys fees in the amount of $4,080.00.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Vacate [125] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Imposition of Renewed Sanctions [123] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel Rick Martin is ordered to pay to Wayne County the reasonable attorney's fees calculated in the previous order, equaling the amount of $4,080.00.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 29, 2013

12